FILED'10 OCT 04 11:40USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| WAYNE PATRICK DENNIS, | ) | |
| | ) | Civil No. 09-1317-JO |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J.E. THOMAS, Warden, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

JONES, District Judge.

Plaintiff moves for a temporary restraining order preventing the Federal Bureau of Prisons ("BOP") from transferring him during the pendency of this civil rights action. Plaintiff contends the "BOP has a reputation of transferring prisoners who file actionable law suits against i[t] or its staff under 'Bivens,' pursuant to Title 28 U.S.C. §1331, 'federal question,' as retaliation and in an effort to thwart the plaintiff from prosecuting his claims."

1 - ORDER

Motion (#20), p. 1. In his underlying Complaint, plaintiff seeks damages for permanent vision loss due to defendants' failure to follow his eye surgeon's post-op instructions.

To obtain preliminary injunctive relief in the Ninth Circuit, a party must meet one of two alternative tests.[1] Under the "traditional" standard, preliminary relief may be granted if the court finds: (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party has a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and 4) the advancement of the public interest favors granting injunctive relief. Burlington N.R.R. v. Department of Revenue, 934 F.2d 1064, 1084 (9th Cir. 1991).

Under the alternative test, the moving party may meet the burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Id.; Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success

---

[1] Notably, the standards for issuance of a temporary restraining order are at least as exacting as those for a preliminary injunction. Los Angeles Unified Sch. Dist. v. United States Dist. Court for the Cent. Dist. of Cal., 650 F.2d 1004, 1008 (9th Cir. 1981).

2 - ORDER

decreases." Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000).

Plaintiff's motion for injunctive relief is denied on the basis that he has failed to demonstrate a likelihood of success on the merits, the relief he seeks extends beyond the scope of the allegations in his Complaint, and he offers no basis to support the issuance of injunctive relief without notice to the parties. See Fed.R.Civ.P. 65(b)(1)(setting forth requirements for issuing TRO without notice); 18 U.S.C. § 3626(a)(2)(providing that preliminary injunctive relief in civil action with respect to prison conditions must be narrowly drawn); Winter v. Natural Res. Def. Council, Inc, 129 S.Ct. 365, 374 (2008)(plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits); Marlyn Nutraceuticals, Inc. v. Mucas Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009)(mandatory injunction, which goes beyond maintaining the status quo, is particularly disfavored).

## CONCLUSION

Based on the foregoing, plaintiff's motion (#20) is DENIED. In addition, plaintiff's motion (#21) for leave to amend to add the names of additional defendants is GRANTED.

IT IS SO ORDERED.

DATED this 4th day of October, 2010.

_____
Robert E. Jones
United States District Judge

3 - ORDER