IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WAYNE PATRICK DENNIS, | ) |
| | ) |
| Plaintiff, | ) No. 3:09-cv-01317-JO |
| | ) |
| v. | ) OPINION AND ORDER |
| | ) |
| WARDEN J. E. THOMAS, in his official and individual capacity; ET AL., | ) ) ) |
| | ) |
| Defendants. | ) |

Wayne Patrick Dennis
No. 30404-039
FCI - Sheridan
P. O. Box 5000
Sheridan, OR 97378

  Plaintiff Pro Se

Adrian L. Brown
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

  Attorney for Defendants

JONES, Judge:

Plaintiff, a federal inmate incarcerated at the Federal Correctional Institution Sheridan ("FCI Sheridan"), brings this action against ten federal defendants, including the Bureau of Prisons ("BOP"), FCI Sheridan's Warden and the Medical Services Administrator (together, "defendants"). In essence, plaintiff alleges two claims arising out of alleged mishandling of "plaintiff's serious medical needs in preserving the plaintiff's eyesight" following cataract surgery through FCI Sheridan in 2006: a negligence claim under the Federal Tort Claims Act ("FTCA"); and a Bivens[1] claim against certain defendants in their individual capacities for violation of the Eighth Amendment "Cruel and Unusual Punishment" clause with respect to his medical treatment.

This action is now before the court on defendants' motion to dismiss plaintiff's amended complaint. Specifically, defendants seek dismissal of plaintiff's claims against three individual defendants, Yett, Dhaliwal, and Miller, for failure to properly effect service, and pursuant to Federal Rule of Civil Procedure 12(b), dismissal of plaintiff's Bivens and FTCA claims for failure to exhaust his administrative remedies, or in the alternative, for failure to state a claim and for absolute and/or qualified immunity.

## DISCUSSION

1. Standard.

Because plaintiff is a prisoner proceeding *pro se*, I construe his pleadings liberally. McNeil v. United States, 508 U.S. 106, 113 (1993). In deciding a motion to dismiss for failure to

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

2 - OPINION AND ORDER

exhaust, this court may "'look beyond the pleadings and decide disputed issues of fact.'" Sapp v. Kimbrell, 623 F.3d 813, 821 (9th Cir. 2010) (citation omitted).

Because I agree with defendants that plaintiff's claims must be dismissed for failure to exhaust administrative remedies,[2] I apply the above standard.

2.     Relevant Background.

The background facts relevant to this opinion relate to the timing of events, not to plaintiff's underlying claims of injury.

Plaintiff filed this action on November 5, 2009, as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. On February 17, 2010, this court classified plaintiff's action as a Bivens case and directed him file an amended complaint, which he did on June 25, 2010. In August 2010, plaintiff sought and obtained leave to amend the complaint to add additional defendants.

Meanwhile, to the extent plaintiff alleges a claim for negligence under the FTCA, the record shows that plaintiff filed an administrative tort claim on May 5, 2010, seeking at least $457,000 for alleged permanent damage to his right eye. Declaration of Jennifer Vickers ("Vickers Dec."), Exhibit ("Exh.") 1. On August 31, 2010, plaintiff's tort claim was denied. Vickers Dec., Exh. 1, p. 14.

With respect to plaintiff's other claims, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust administrative remedies before filing a lawsuit concerning prison conditions. The record shows that plaintiff initiated two sets of administrative remedies related to his eye care, remedies 546458 ("458") and 549658 ("658").

---

[2]     Plaintiff did not effect personal service on defendants Yett, Miller, and Dhaliwal, consequently, his claims against them are dismissed. Fed. R. Civ. P. 4.

3 - OPINION AND ORDER

Plaintiff submitted his initial requests for Administrative Remedy, known as "BP-9s," to the Warden, as required. Remedy 458 was "logged received"[3] on July 9, 2009; remedy 658 was logged received on July 31, 2009.

The Warden responded to 458 on November 16, 2009, and 658 on December 3, 2009, responses defendants admit were not timely. Nonetheless, plaintiff filed his regional appeals, known as "BP-10s," and received responses to both. The record clearly demonstrates, however, that plaintiff failed to initiate the next step in the appeals process, filing "BP-11s" at the Central Office level, within 30 days, as required. 28 C.F.R. § 542.15(a). Consequently, both BP-11s were rejected.[4]

Each rejection notice in remedy 458 informed plaintiff that:

YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

PROVIDE STAFF VERIFICATION ON BOP LETTERHEAD DOCUMENTING THAT THE UNTIMELY FILING OF THIS APPEAL WAS NOT YOUR FAULT.

See, e.g., Vickers Dec., Exh. 2. The rejection notice in remedy 658 informed plaintiff that:

YOU DID NOT PROVIDE A COPY OF YOUR REGIONAL OFFICE ADMINISTRATIVE REMEDY APPEAL (BP-10) FORM OR A COPY OF THE (BP-10) RESPONSE FROM THE REGIONAL DIRECTOR.

YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

---

[3] 28 C.F.R. § 542.10 *et seq* sets forth the procedures and requirements for the administrative process. 28 C.F.R. § 542.18 states that "a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received."

[4] The reason the Central Office gave for rejecting remedy 658 was that plaintiff had failed to provide a copy of the regional appeal, but the evidence also establishes that the BP-11 was not filed within 30 days, as required.

4 - OPINION AND ORDER

...

...

See Exhibit G to plaintiff's April 18, 2010, motion for the court to "Take Judicial Notice." There is no evidence in the record, nor does plaintiff point to any, that he resubmitted the appeals per the above instructions.

3. <u>Plaintiff's Tort Claim</u>.

The FTCA provides that an "'action shall not be instituted upon a claim against the United States for money damages'" unless the claimant has first exhausted his or her administrative remedies. <u>McNeil</u>, 508 U.S. at 107 (<u>quoting</u> 28 U.S.C. § 2675(a)). In <u>McNeil</u>, the Court specifically rejected the argument that as long as no substantial progress has been made in the litigation by the time the claimant has exhausted his or her administrative remedies, the federal agency must assume the burden of costly and time-consuming litigation. <u>Id.</u> at 110-11. Rather,

> The command that an "action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail" is unambiguous. We are not free to rewrite the statutory text.
>
> * * *
>
> Moreover, given the clarity of the statutory text, it is certainly not a "trap for the unwary." . . . While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . and have held that some procedural rules must give way because of the unique circumstances of incarceration . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." . . .
>
> The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit.

5 - OPINION AND ORDER

McNeil, 508 U.S. at 112-13 (citations and footnotes omitted).

In this case, the record establishes that plaintiff filed his federal lawsuit well before he exhausted his administrative remedies under the FTCA. Consequently, to the extent plaintiff alleges a claim under the FTCA, his claim must be dismissed.

4.      Plaintiff's Bivens Claim.

As noted, the PLRA requires a prisoner to exhaust his or her administrative remedies before filing a lawsuit concerning prison conditions:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted.

Sapp v. Kimbrell, 623 F.3d at 821 (quoting 42 U.S.C. § 1997e(a)). This exhaustion requirement "demands 'proper' exhaustion." Id. (quoting Woodford v. Ngo, 548 U.S. 81, 84 (2006)).

> To 'proper[ly]' exhaust, a prisoner must comply 'with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

Sapp, 623 F.3d at 821 (quoting Woodford, 548 U.S. at 90-91).

Plaintiff contends that defendants were responsible for his failure to properly exhaust the available administrative remedies, but the record does not support his argument. While the Warden's responses to his BP-9s were not timely, plaintiff was not prejudiced by the delays. Plaintiff initiated the next step by filing BP-10s with the Regional Office; both BP-10s were accepted and he received responses. However, after receiving the Regional Office responses, plaintiff failed to file the BP-11s with the Central Office until well after the 30-day time period allowed by administrative rule. See 28 C.F.R. § 542.15(a). Plaintiff has not created an issue of

6 - OPINION AND ORDER

fact that would permit a reasonable inference his untimely filing of the BP-11s was not his fault.[5]

In summary, plaintiff failed to exhaust his administrative remedies under the PLRA. Consequently, his Bivens claim must be dismissed.

## CONCLUSION

For the reasons stated above, defendants' Motion to Dismiss (# 42) is GRANTED and this action is dismissed with prejudice.[6]

DATED this 24th day of April, 2012.

_____
ROBERT E. JONES
U.S. District Judge

---

[5] With respect to remedy 658, see footnote 4, supra. I note that plaintiff was informed that he could resubmit the appeal in proper form, but he never followed through.

[6] In view of this disposition, I decline to reach defendants' remaining arguments, including qualified immunity.

7 - OPINION AND ORDER